The next case on our docket is Charles Moore v. USA and for Appellant we have Mr. Andrew Grossman and for the U.S. we've got Mr. Nathaniel Pollack and so this case like the last one is set for 15 minutes per side and we'll start with Appellant's argument. Thank you your honor Andrew Grossman for the appellants Charles and Kathleen Moore I'd like to reserve three minutes for rebuttal. May it please the court the mandatory repatriation tax required the Moores to pay tax on money that they did not realize in any fashion that they may never realize merely because they own shares in a corporation that reinvested its earnings over the past 30 years. They're entitled to a refund of that tax for two reasons. First is that the MRT is not an income tax authorized by the 16th amendment but a direct tax on property that is not apportioned among the states as the Constitution requires. Second the MRT's unprecedented retroactivity an irrational and arbitrary attribution of income to taxpayers who have guarantee of ever receiving it violates constitutional due process. Our direct tax argument is straightforward. For over 100 years the Supreme Court has held in case after case that income under the 16th amendment requires realization by the taxpayer. No decision by any court at any level has ever called that principle into question and that principle directly controls this case. It is undisputed that the Moores have not actually or constructively realized a penny of the retained corporate earnings that the MRT treats as their income. The MRT taxes the Moores not because they realized anything but solely because they own shares in a corporation that capitalized earnings to grow its business. Now this attacks on property and the fact that it is apportioned among the states dooms it. I'm sorry but but wasn't wasn't the reason that this was taxed was because that the company that they owned shares in was making money and it simply hadn't physically distributed it. It wasn't as if there wasn't a good faith in fact a compelling basis for deciding that the corporation had made money right? Your honor we recognize that over the period of years the corporation did have income. That income was reinvested in Kiss and Craft to grow the business. It wasn't just sitting in a pot somewhere. The problem here is that the Moores never realized any income from the corporation. From the corporation it was capitalized in the in the corporation's business and the government argues that realization by the taxpayer simply doesn't matter but all of the case law on that specific point is simply it's crystal clear. If realization didn't matter realization by the taxpayer didn't matter then Congress could deem anything to be income and tax it as income. But that's never been the law. McComber required that gains be received or drawn by the taxpayer. Glenshaw Glass required the gains be clearly realized. But counsel you're you're relying on cases that our court and many other courts have just thoroughly discounted and I mean I'm looking at our in-bank decision in James from 1964 where the court said but insofar as McComber purported to offer a comprehensive definition of the term income as used in the 16th amendment it has been discarded. Now maybe Judge Dunaway writing for the in-bank panel was wrong in his view of what had happened to McComber but we're bound by it. We can't disregard what our in-bank court wrote 58 years ago. Your honor we're comfortable with the standard that was applied in James. I want to be crystal clear about that. James applied the Glenshaw Glass standard. That case involved a widow's allowance and the court held that the that the allowance the payment to the widow was income under the Glenshaw Glass standard that requires gains be clearly realized by the taxpayer but you're offering McComber as binding current precedent with regard to how one looks at income for the purposes of the 16th amendment. I think that's a fair reading of your arguments to us and we discarded that if not before at least by 1964. I don't think that's right your honor with respect to the particular aspect of McComber on which we're relying. McComber I think the cases have put that have really two elements for what constitutes income under the 16th amendment. One is a gain of some sort and the other is realization of that gain by the taxpayer. McComber had both of those. It defined income as the proceeds from labor capital or both. In other words that that's how it defined the type of gain that qualifies. We freely acknowledge that that portion of McComber has been discarded and was replaced with the broader standard in Glenshaw Glass but Glenshaw Glass carried forward McComber's realization requirement and that's what we're relying on from McComber and from Glenshaw Glass. If the court doesn't want to rely on McComber I don't think it makes a dime's worth of difference because the Glenshaw Glass standard with respect to realization is exactly the same and it's the one this court applied in James. Although what we also said in James with with regard to Glenshaw Glass and the the definition of income in McComber was quote no supreme court case since Glenshaw Glass has meaning McComber for its discussion of the income question. I will note your honor that the Glenshaw Glass standard including specifically the realization requirement that we're relying on in this case has been applied by the supreme court subsequently in cases like United States versus James and in Kowalski. So far as I'm aware every single court to consider the constitutional definition of income under the 16th amendment for decades at this point has applied the Glenshaw Glass standard including its realization requirement and it's the realization requirement that in this instance dooms the MRT. Could I interject a question if I may? The thing that's bothering me is that it seems like an awful lot of courts in this taxing area were writing opinions saying the definition stated in an earlier case isn't an all-purpose definition it's like a definition for that case and then the next case comes along it gives a definition and then someone says that's not an all-purpose standard and so my question is this I'd like to hear you respond to the government's argument in its brief that the income is is being made by this company and it's just a question of whether instead of deferring the timing indefinitely the congress could pass a law saying you're taxed now if you could address that that's sort of the substance of this. Yes your honor. Thank you your honor. The government's deferral argument conflates an accounting concept with the constitutional definition of income. At no point during those years in the past when the income was was earned by the corporation did the bores or other parties subject to the MRT realize anything in other words in all those years they did not realize income and so if you add up the income to the corporation over those years it still does not result in income to the shareholders and in terms of you know how this could be taxed the the traditional way the way that the government has always taxed ordinary shareholders on corporate income is through distributions of that income that's what the that's what the U.S. tax code has done ever since McComber said that it had to be done that way based on realization and not through attribution to individual ordinary shareholders of corporations retained earnings. So in this instance and I want to say there really is a distinction between those two methods that makes a big difference in this case for both of our arguments. An individual shareholder has no guarantee of ever receiving capitalized earnings that that a corporation has obtained. Corporations capitalize those earnings so as to grow the business and to conduct additional business activities. Those that money simply isn't available for distribution. Corporations go out of business they get sold. Mr. Grossman I know your time is running short so if I can interject with a couple of questions. One of the government's argument is that the MRT is just simply a corporate earnings tax on controlled foreign corporations and if that's true then any sort of realization requirement would be irrelevant under that analysis. So I'd like to get your best response to that argument and then number two if there's a specific authority the best case that you're relying on for the proposition that a taxpayer can avoid a tax on income that's used to to make a capital investments I'd like to have an answer to that as well. Sure your honor the government's argument that this is a CFC tries to take this novel tax the MRT and place it within the history of the pre-existing subpart F regime but the difference is that subpart F which is an incredibly complicated statute has all of these very specific provisions that address particular instances of tax avoidance where an individual has a effectively interposes a corporation between income that is properly regarded as their own. Things like holding companies or where there are related party transactions things of that sort and so in all of those cases you have constructive realization of income by the taxpayer and the corporation a sham corporation type relationship. The difference here is that the MRT doesn't work that way this isn't income that is properly attributable to the taxpayer because they haven't actually or constructively realized anything the government recognizes this because it doesn't argue that they did. The government argues that realization is simply unnecessary for a tax for a taxpayer to have 16th amendment argument 16th amendment income but there is simply no case that recognizes that principle and so far as we're aware every case that has laid out any definition of income under the 16th amendment has always typically reciting the language from glenshaw glass said that realization by the taxpayer is required and so that's what makes the MRT substantially different fundamentally different from those pre-existing subpart F capitalized earnings. I would say that I would answer that two ways first is again just the glenshaw glass standard if it's not clearly realized it's not income and when money is capitalized by a corporation to carry on its business it's not realized by the ordinary shareholders in that corporation. Now if you want the case that holds that specifically I would say McComer. McComer did distinguish between a corporation's capitalized earnings and income typically through dividends to the shareholders of that corporation and I would note that that holding is not only has not ever been overturned but the supreme court specifically upheld it in glenshaw glass and the second circuit recognized as recently as about 10 years ago that that and income to the shareholder on the other hand remains good law as a constitutional matter. So if this court were to hold otherwise I'm afraid that would probably create a split with the decision of the second circuit in Mayfair and I think that gets to really what makes this case fundamentally different from pretty much every other case involving the 16th amendment that the government cites in its briefing. Pretty much all of those cases were about what counts as realization and in all of them the government pointed to some payments or some assets and they argued that the taxpayer either actually or constructively realized it. That's Whitlock, that's Garlock and that's Garlock, that's Eder, that's Doherty but that's not the government's argument in this case because the MRT does not turn on realization. So all the government can do to defend the MRT is argue that the whole constitutional framework that stood in place for over a century is wrong and I would respectfully submit that is an argument for the Supreme Court not this court. Counsel, you're past the amount of time you wanted for rebuttal. If you want to complete your argument you can and I'll give you three minutes for rebuttal after that. Thank you, your honor. If the court has no further questions at this time I would reserve the remainder of my time. Okay, then I'll ask the clerk to change the remaining one minute to be three minutes so you can plan the three-minute rebuttal argument and we'll now hear from Mr. Pollack. Thank you, Judge Gould. May it please the court. The transition tax which avoids what would otherwise be a massive windfall for U.S. corporate shareholders, Congress used that transition tax and it's constitutional both because it fits easily within Congress's taxing power and it also accords with due process both because it's not retroactive at all and because even if it were it's rationally based. Start with the taxing power. There are at least two paths that this court could go down to reach the conclusion that Congress acted within its constitutional authority when it imposed this tax without apportionment. The first path is to say that the transition tax is an income tax on a deemed dividend that represents the value of the tax, the increase in the earnings and profits accumulated by a foreign corporation that the taxpayer partly owns. Those accumulated earnings and profits are an accession to the taxpayer's wealth that the taxpayers gain and there's no constitutional requirement that income must always be realized before it's taxed and I'll return to that in just a second but just to say very briefly there's also a second path this court could go down and that's to say that the transition tax is a tax that reasonably Congress chose to disregard the distinction between a corporation and its shareholders. There's also no constitutional requirement that compels Congress always in every instance to regard corporations as separate entities from their shareholders for taxation purposes and the transition tax adds to the already existing subpart f framework that Congress has already made that judgment and disregarded that distinction for certain purposes. Returning to the realization question that was the focus of the opening argument, I think that it's critical that the court see that this court's decision in James as Judge Bennett you were pointing out that concludes that McCormick essentially is only good law as to its narrow holding and it's not the case that James was only dealing with part of the McCormick decision. It also dealt with the realization principle and that's on right after the McCormick decision on page 751 of the James decision. It quotes at length the realization principle from McCormick then when it's going through sort of why subsequent Supreme Court law should be understood as backing away from the McCormick definition, it cites Braun among other cases and discusses Braun as a case that deals with that question of realization and so I think it's absolutely correct that James conflicts with the notion that McCormick establishes this inviolable realization principle. I also want to draw this court's attention to the Supreme Court's decision in cottage savings. In cottage savings, the Supreme Court said that when the realization principle, which is a principle of taxation, that's normally how how things work, that's normally how the tax code works, it says it concluded that that was a the requirement was implicit in the tax code and quote founded on administrative convenience and that wasn't throwaway language in cottage savings. In cottage residential mortgages for another economically identical exchange, a group of of interest in residential mortgages, is that enough of a is that an event that allows Congress to tax and the the court rejected the the government's position that an economically real exchange is required for for not for constitutional purposes but for statutory realization purposes because it said you know the the purpose of this of the realization requirement is administrative convenience and even a non-economically significant exchange satisfies that administrative convenience rationale. It also deferred to the commissioner's regulatory interpretation of what realization means. That deferral we submit would obviously not be appropriate if the if realization was a constitutional requirement and I also want to in particular draw this court's attention to cottage savings discussion of McComber itself. I think it's very revealing when this is at pages 63, 563, 564 of the cottage savings decision. The court discusses McComber and then it it says it discusses subsequent Supreme Court cases including United States versus Phyllis, Marr versus United States and Weiss versus Stern and it says that those cases refined quote refined McComber's conception of realization and and it describes the decisions in Phyllis and Marr standing for the as standing for the proposition that that an exchange of old stock representing an equivalent proportional interest in the new essentially just to change states of incorporation. Nothing is nothing is realized by the taxpayer in the sense of in the McComber sense of being available for their separate use and benefit and but the court says that's enough and and income income it's appropriate to to to tax as as a as a component of the income tax. There are other cases as well that that negate the notion that realization is this inviolable principle. I would just want to mention too this idea that the Supreme Court and this court have cited Glenshaw-Glass for the principle that there must always be realization is just not it's just not accurate. I don't think there are any there there are cases cited on page seven of of Mr. Grossman's reply brief that the three cases that you know cited Glenshaw-Glass none of those cases stand for the proposition that there always has to be realization and in fact the United States versus Burke which is the third case cited cites Glenshaw-Glass for the proposition that quote section 61 which is the gross income statute uh intends to quote bring within the definition of income any accession to wealth um so I mean it doesn't go into the the question of realization wasn't an issue there but but the you know I think and then there's a later Supreme Court case that that talks about uh besides Glenshaw-Glass for the proposition that um gross income extends to broadly to all economic gains so it's not it's I just think it's not a correct characterization of how Glenshaw-Glass has been interpreted and of course as we say in our brief Glenshaw-Glass there's nothing about there was no realization question in Glenshaw-Glass that to be decided. I want to also uh talk just briefly I mean I think that's a completely sufficient basis for the court to um reject the the uh taxing power argument. I just want to mention also that an alternative ground to the extent that there was any question about um whether Congress has the authority to uh impose a tax on what is clearly uh the taxpayers gain uh absent uh realization in the McCormick sense of separate separation of from the asset and availability for uh benefit uh and use and control um is that uh I think is is that it can also be understood as part of subpart f and subpart f has been considered as a corporate look-through statute and there's simply no constitutional principle that prevents um uh Congress from looking through uh a corporation to tax individuals on their their the gains of corporation and this in subpart f is a context in which Congress has found that to be appropriate. I think this the tax court's decision in Doherty about why that's true is is potentially helpful. Uh the tax court said Congress determined that it was appropriate to bypass the corporate form. This is talking about subpart f uh one because uh that a cfc's controlled foreign corporations have frequently been used as tax avoidance vehicles. That's not to say that they are always used as tax avoidance vehicles but they have been and then two the shareholders have a high degree of control so this is a this is a tax that applies to shareholders that have more than 10 percent interest in a more than 50 percent U.S. owned corporation and so um Congress made it made a determination that that's a high enough degree of control and it's appropriate to uh to look through the corporate form uh to tax directly uh certain um earnings and and profits of the corporation in that instance. Um I'll I'll also just uh unless the court has questions I can I'll move to the um the due process issue briefly. We think it's it's clear that um no matter how you look at this tax it's not retroactive. If you look at it as an income tax on a team's dividend it's a tax that is the taxable event is in the future after the after the law was passed. That's the same thing in in that regard we would cite Prescott where there was a deemed liquidation that happened in the future um and let me let me ask you a question on your retroactivity argument for a moment because there's really no dispute that prior to uh the MRT uh the plaintiffs really would have no tax liability so long as there's no distribution and now post uh MRT they have tax liability for the same conduct right so is your best uh argument then in reliance on Prescott? Uh I would say there I think Prescott is is a good case for us because it's that's another case where we're talking about earnings and profits that were earned prior to the law's enactment but the taxable event was after the deemed liquidation in that case. What's the what's the rationale that Prescott relied on? I didn't see a lot of analysis that would be applicable. It's it's true that there's not a lot of analysis in Prescott. I think that the in the same vein I mean in Doherty the um the amount that were earned the earnings and profits were um uh accumulated before the enactment of the part of subpart f that um uh treats investment in U.S. property as an occasion for a deemed dividend um for for U.S. shareholders of dividend was in the future was that was the taxable event even though to be clear it is a deemed event it's not a it's it's a it's a deemed dividend triggered by a investment in U.S. property and the investment you're talking about the Doherty language where the court said the facts that the taxable event here in an increase in earnings invested in U.S. property occurred during a year subject to the operation of the statute and that congress has the power to tax is the court's essential rationale for its holding that it wasn't retroactive there exactly and it didn't matter that the earnings and profits that had been used to make that investment were earned prior to the loss enactment is the other point but I would say also even even supposing it were the the appropriate or the best way to look at the statute was to see it as a tax on on prior earnings and profits if if you were to look at it that way what I think that under the subpart app regime you should look at it as a system of tax deferral it's a part app um asserts a right of current taxation over its portions of cfc's uh earnings and profits and defers taxation over other portions of cfc's earnings and profits and so what we've the move that we've made with the new law is from a system where the deferral is of an uncertain period triggered by by a number of possible events it could be an actual distribution or an investment in u.s property or some other event that would trigger taxation um to a system where there's a date certain at which the deferral is going to end and we submit that our 401k example is really precisely on point you know that mr grossman points out well you know the right example should have been uh if if there was a if there was a taxation on amounts that were not distributed but that is the example if if uh if you don't take the consequence of not taking a mandatory distribution when it's required to be taken is that you're that a tax is imposed on that amount that had to be distributed um and so i think that the that that example works and then i would simply end by saying even if your honors um think that that is retroactivity this this statute clearly satisfies rational basis i mean there's a there's a very uh strong legitimate um purpose so the rational basis requires a legitimate purpose and a rational means the strong legitimate purpose here was to preserve the status quo of taxation of all you know more than two trillion dollars in um amassed uh foreign corporate earnings and profits um and allowing all those earnings and profits to be repatriated tax-free would be a major change in the status quo um and and in order to make the transition from one system of taxing cfc's to a different system of taxing cfc's something like this transition tax uh was needed in order to unless you wanted to have this very very significant uh corporate windfall um so it's and the period of retroactivity directly relates to that and it's rationally based um based on that very legitimate purpose i see my time is up and i don't want to uh test the court's patience but if there are any uh further questions any questions i'm happy to answer those thank you i have no questions just when no thank you we have no questions so we'll return to mr grossman who's got three minutes for his rebuttal thank you your honor uh just a few points uh first i i think it's reflected in my friend's argument that for the government to avail on the on the direct tax issue the court would have to hold that realization in any form is not required for there to be taxable 16th amendment income this court would be the first court since the enactment of the 16th amendment to hold that there is case law directly addressing that issue in the pertinent supreme court cases and we think that that the supreme court's consistent recognition of that principle as well as the consistent recognition of that principle by the lower courts should govern here second on that point my friend mentioned doherty i will note that doherty found on the facts of the case there that there was a constructive dividend to the shareholder in when the foreign corporation which was a foreign holding corporation invested its earnings in u.s property in other words it was just as good as distributing the money to the shareholder the mrt doesn't take measure of anything like that it doesn't turn on a constructive dividend or any type of constructive or actual realization whatsoever and the same distinction holds for all the other subpart f cases that my friend refers to and that is cited in the government's brief though in every single one the courts recognized that there was a realization requirement and then they found it satisfied based on actual constructive or in some cases actual realization by the taxpayer in this case there is no actual realization there is no constructive realization the statutory language itself turns on ownership of the shares and not whether the owner of those received anything whatsoever in any way whatsoever third my friend discussed james and i think the discussion in james is actually very helpful for us because it does go through the different definitions that courts have applied to 16th amendment income over the years and it recognizes that in all of them there is a realization requirement it quotes the relevant language and it actually applies a realization uh a realization standard and holds that the that the payments at issue in that case the widow's allowance was income because it was a gain realized by the widow um applying that same standard in this case um leads to the inexorable result that the mrt simply does not tax the income of the taxpayer again the moors like others subject to the mrt simply haven't received anything finally i'd like to address my friend's point that the mrt is rational it is not there's no dispute here that congress could have taxed this exact these same corporate earnings prospectively if and when they're actually distributed to shareholders but congress wanted the revenue now and so it retroactively taxed shareholders reaching back an unprecedented 30 years on money that these taxpayers have not if the court has no further questions we would ask that the court reverse thank you thank you mr grossman i have no more questions judge when no thank you no but we hear no questions so this uh rather challenging case shall now be submitted and the parties will hear from us in due course um it's you both of the advocates you have made excellent arguments to us they've been highly skilled and very informative and we will take your arguments into account as we try to address this area of the law so without more discussion the mortgage shall now be submitted with our thanks
judges: GOULD, NGUYEN, BENNETT